# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA SCHROEDER, by and through her guardian ad litem MARINA LANERI SCHROEDER; MARINA LANERI SCHROEDER, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>SAN DIEGO UNIFIED SCHOOL DISTRICT; KIMBERLY CHAMBERS; FERNANDO RAY ORTIZ; HENRY L. ORTIZ; and SYLVIA ORTIZ,<br><br>Defendants. | CASE NO. 07cv1266-IEG(RBB)<br><br>Order Granting Plaintiff's Motion to Amend [Doc. No. 57] |

Plaintiff[1] moves the Court for leave to amend her complaint to delete certain claims and parties and to add three new Defendants – Michael Jiminez (the vice-principal at the school where the underlying incident occurred), Susan Skinner (a counselor at the school), and the Board of Education of the San Diego Unified School District. Defendants filed an opposition, arguing Plaintiff's claims against the proposed new Defendants are time-barred.

Plaintiff filed a reply raising several new arguments in support of her motion. As a result, the Court vacated the January 5, 2009 hearing date and requested that Defendants file a sur-reply.

---

[1] The original complaint included claims by Jessica Schroeder, by and through her mother and *guardian ad litem* Marina Laneri Schroder, as well as Marina Laneri Schroeder, individually. The proposed amended complaint would eliminate any claims on behalf of Marina Laneri Schroeder individually, leaving only the claims by Jessica Schroeder.

Defendants have filed their sur-reply.

Upon review, the Court finds the motion appropriate for submission on the papers and without oral argument pursuant to Local Civil Rule 7.1(d)(1).  For the reasons explained herein, Plaintiff's motion is GRANTED.

### *Background*

The Court's November 26, 2007 order denying Defendants' motion to dismiss sets forth in detail the factual background of this case, which need not be restated in full herein.  In short, at the time of the incident giving rise to this lawsuit, Plaintiff Jessica Schroeder was an 18-year-old mentally disabled young woman with the mental capacity of a very young child.  Miss Schroeder attended Serra High School, within the San Diego Unified School District (" SDUSD"), as a special needs student in teacher Kimberly Chambers' classroom.  Plaintiff alleges that Defendant Fernando Ortiz, a student and peer tutor at Serra High School, sexually assaulted Miss Schroeder at school, while class was in session.

Plaintiff's original complaint stated claims for relief against SDUSD and Chambers under 42 U.S.C. § 1983 and California Civil Code § 51.9. Plaintiff also stated a claim for relief against SDUSD under Title II of the Americans with Disabilities Act and the California Unruh Act.  Finally, Plaintiff stated claims against both SDUSD and Chambers for negligence.  The Court on November 26, 2007 denied Defendants' motion to dismiss Plaintiff's claims.  On August 25, 2008, new counsel substituted into this case on behalf of Plaintiff.

Plaintiff now moves to amend the complaint to delete the following claims:  all claims asserted by Marina Schroeder, individually; Plaintiff's claims against Fernando Ortiz and his family; Plaintiff's claims based on the Americans with Disabilities Act; Plaintiff's claim based on California Civil Code § 51.9; and Plaintiff's claim based on the Unruh Act.  This will leave only Plaintiff's claim under 42 U.S.C. § 1983 and her state law negligence cause of action.

Plaintiff also seeks to add three new Defendants – Michael Jiminez (the vice-principal at the school where the underlying incident occurred), Susan Skinner (a counselor at the school), and the Board of Education of the San Diego Unified School District.  Defendants have filed an opposition to this portion of Plaintiff's motion to amend, arguing Plaintiff's claims against the

proposed new Defendants are barred by the statute of limitations.

### *Discussion*

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, a party must obtain leave of court to amend its pleading after a responsive pleading has been filed.  However, "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  A district court may deny leave to amend based upon any one of the following four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.  Griggs v. Pace American Group, Inc., 170 F.3d 877, 880 (9th Cir. 1999).  Defendants argue Plaintiff's claims against the proposed new Defendants are time-barred such that the proposed amendment would be futile.[2]

Because 42 U.S.C. § 1983 contains no limitations period, the court applies the forum state's statute of limitations for personal injury actions.  Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004).  The Court also applies the forum state's law regarding tolling, including equitable tolling, unless such law is inconsistent with federal law.  Id.

Pursuant to Cal. Code Civ. Proc. § 355.1, the statute of limitations for personal injury actions in California is two years.  Thus, Defendants argue Plaintiff's claims against the new proposed Defendants should have been filed on or before April 17, 2008, two years from the date of the underlying incident.

However, California law tolls the statute of limitations for any period of time where the plaintiff is under the age of majority or where some mental condition renders the plaintiff incapable.  Cal. Civ. Proc. Code § 352(a) (tolling statute of limitations for minority or insanity); Feeley v. Southern Pac. Transp. Co., 234 Cal. App. 3d 949, 952 (9th Cir. 1991) (defining insanity as a mental condition rendering the plaintiff incapable).  In addition, "California courts apply equitable tolling 'to prevent the unjust technical forfeiture of causes of action, where the defendant would suffer no prejudice.'"  Jones, 393 F.3d at 928 (quoting Lantzy v. Centex Homes, 31 Cal. 4th 353, 372 (2003)).  Plaintiff argues that because Miss Schroeder has the mental capacity of a very young child, the statute of limitations on her claims has been and remains tolled under Cal. Civ.

---

[2] Defendants also argue the proposed amendment would not "relate back" under either state law principles or Fed. R. Civ. P. 15(c). Because the Court finds Plaintiff's claims against the proposed new Defendants are not time barred, the Court need not address this argument.

Proc. Code § 352(a). Plaintiff further argues it would be inequitable to find her claims against the new Defendants time-barred because she has only recently obtained discovery of relevant evidence pointing to the liability of the proposed new Defendants.

In response, Defendants make three arguments to support their assertion Plaintiff's proposed claims against the new Defendants are time-barred. First, Defendants point out that under the explicit language of the statute, Cal. Civ. Proc. Code § 352(a) does not apply to claims against a public entity or public employee "upon a cause of action for which a claim is required to be presented [under the] . . . Government Code." Cal. Civ. Proc. Code § 352(b). As Defendants acknowledge, however, this exception to § 352(a) would bar only Plaintiffs' negligence claims against the new Defendants, and not Plaintiffs' claims under 42 U.S.C. § 1983. City of Huntington Park v. Superior Court, 34 Cal. App. 4th 1293, 1300 (1995) (exception to tolling provision embodied in § 352(b) does not apply to actions under 42 U.S.C. § 1983).

Second, Defendants argue Plaintiffs have not made a sufficient showing that Miss Schroeder's mental disability renders her incapable for purposes of Cal. Civ. Proc. Code § 352(a). However, a complaint may not be dismissed on statute of limitations grounds unless the plaintiff "can prove no set of facts that would establish the timeliness of the claim." Pesnell v. Arsenault, 543 F.3d 1038, 1042 (9th Cir. 2008). To the extent there may be disputed issues regarding the nature and extent of Plaintiff's mental disability, which impacted Plaintiff's ability to more promptly assert claims against the new Defendants, those factual issues may not be resolved at this stage of the proceedings.

Finally, Defendants dispute Plaintiff's claim that the statute of limitations was equitably tolled because Defendants only recently produced discovery revealing the factual basis for a claim against Mike Jimenez and Susan Skinner. Defendants argue their counsel informed Plaintiff's former counsel by e-mail in May of 2008 that Mr. Jimenez and Ms. Skinner were the individuals who placed Fernando Ortiz in the peer tutor program. Generally, "[a]pplication of California's equitable tolling doctrine 'requires a balancing of the injustice to the plaintiff occasioned by the bar of his claim against the effect upon the important public interest or policy expressed by the ... limitations statute.'" Jones, 393 F.3d at 928 (quoting Lantzy v. Centex Homes, 31 Cal. 4th at 372)

1  (internal citation omitted).  Here, Cal. Civ. Proc. Code § 352(a) tolls the statute of limitations with
2  regard to Plaintiff's 42 U.S.C. § 1983 claims against the proposed new Defendants, such that the
3  only question is whether Plaintiff should also be permitted to proceed against these new
4  Defendants on a negligence theory.  Because the parties dispute when Plaintiff had sufficient
5  information to justify adding the new Defendants to this case, and because the proposed
6  negligence claim against the three new Defendants is not likely to involve extensive additional
7  factual inquiry over and above that which is necessary with regard to Plaintiff's § 1983 claim, the
8  Court finds the balance of interests at this point in the proceedings tips in favor of allowing
9  Plaintiff leave to amend.

### *Conclusion*

For the reasons set forth herein, Plaintiff's motion for leave to file an amended complaint is GRANTED.  The Clerk is directed to file Plaintiff's Amended Complaint, Exhibit 1 to Plaintiff's motion to amend [Doc. No. 57-2], and issue summonses for the newly added Defendants, Susan Skinner, Mike Jimenez, and the Board of Education of the San Diego Unified School District.

**IT IS SO ORDERED**.

DATED: February 5, 2009

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**